UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JERRY VANDAGRIFF, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:10-CV-006-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS, ET AL., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Respondents. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Jerry Vandagriff is currently in the custody of the Federal Bureau of Prisons ("BOP") and incarcerated at the Federal Correctional Institution, in Manchester, Kentucky.  He has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and has paid the district court's habeas filing fee.  His Petition is now before the Court for screening.  28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at \*1 (6th Cir. 2002).  During screening, the allegations are taken as true and liberally construed in the *pro se* Petitioner's favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  But the Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).  For the reasons set forth below, this case will be dismissed.

**I.**

Petitioner claims that he was wrongly denied participation in the BOP's "Elderly and Family Reunification for Certain Non-Violent Offenders Pilot Program [hereinafter 'the

program']," provided in a section of Congress' "Second Chance Act," effective April 8, 2008. Pub.L. 110-199.  Vandagriff states that the program permits the BOP to put elderly offenders in home detention if they meet certain statutory criteria.  He lists the criteria and states that he met them all, but that his application was denied, wrongly, (1) based on incomplete information; (2) based on improper and inappropriate reasons; (3) arbitrarily and capriciously "in violation of Section 706(2)(A) and other provisions of the Administrative Procedure Act (APA);" (4) via rules and criteria which are invalid as improperly promulgated; and (5) inconsistent with Congressional intent.

Petitioner briefly describes his conviction and current situation, describing himself as a sixty-eight year-old nonviolent person.  He alleges that in June of 2009, he asked his BOP case manager, Mr. Miles, to submit an application for entry into the program on his behalf.  Miles did so, but purportedly unknown to the Petitioner, the application included the assessment by prison staff that Vandagriff had a risk of "program failure."  When the Petitioner's application for the program was denied by the BOP's Central Office, he immediately requested reconsideration through the BOP's administrative remedy system.

Vandagriff attaches to his Petition copies of his formal administrative remedy request and the warden's response.   The response contains a paragraph which begins as follows:

> [I]t was concluded you are at a substantial risk of engaging in criminal conduct or endangering any person or the public if designated to home detention.  Among the reasons cited for denial were prior drug convictions and incarceration, to include the instant offense, failure to participate in treatment to address an extensive drug abuse history, despite recommendations by the Unit Team, failure to enroll in vocational training or adult continuing education programs to enhance employment prospects, also, despite recommendations by the Unit Team, the fact you were partially supporting yourself as an illegal gambler for 15 years, prior to incarceration, and your lack of marketable job skills.. . .

[Exhibit ("Ex.") B, Remedy No. 553870-F1, dated September 15, 2009.] The warden proceeds to refer to corroborating documentation, concludes that the Petitioner's application was complete when submitted, and concurs with the Central Office's denial of the Petitioner's entry into the program.

## II.

For the purpose of screening this Petition, the Court finds that it is not necessary to relate the facts of Vandagriff's conviction, describe his copious exhibits, or repeat his arguments, as he is not entitled to the relief which he seeks at this time. This is because federal prisoners have an administrative remedy available to them, and this prisoner-plaintiff did not first exhaust that process prior to coming to federal court, as he is required to do.

Federal courts consistently require federal prisoners to fully exhaust the available administrative remedies within the BOP before filing a petition seeking habeas corpus relief pursuant to Section 2241. *See, e.g., Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993); *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam). Moreover, exhaustion of administrative remedies should be implemented to prepare a record. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).

The administrative program available to federal prisoners is set out in 28 C.F.R. § 542.10-.19. It consists of a four-tiered administrative scheme which can be used by inmates who are unhappy with any aspect of their confinement in BOP institutions. Section 542.13(a) demands that an inmate first informally present his request or complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an

administrative remedy. If the inmate cannot informally resolve the issue, then he may initiate the formal remedy process by filing a written request (a BP-229 form, formerly a BP-9) to the warden where he is incarcerated.

If the inmate is not satisfied with the warden's response, then he has twenty days from the date of the Warden's response in which to appeal (BP-230, formerly BP-10) to the Regional Director for the geographical region in which the inmate's place of confinement is located; for federal prisoners in the Eastern District to Kentucky, the appeal goes to the Mid Atlantic Regional Office of the BOP in Annapolis Junction, Maryland. If the prisoner is not satisfied with the Regional Director's response, within thirty days after the date of the Regional Director's response, he may appeal to the Office of General Counsel of the BOP, (BP-231, formerly BP-11). *See* § 542.15 (a)-(b).

Here, Vandagriff shows that he filed the initial formal request for an administrative remedy, but he did not then appeal the warden's denial of relief through the rest of the procedural scheme. His exhibits also show that months later, he began the administrative process all over again, filing an informal request for administrative relief with his case manager. However, on December 27, 2009, that staff member rejected the request, referring Petitioner to the warden's above-quoted Remedy No. 553870-F1 (Ex. B). The Petitioner again did not appeal further, apparently abandoning the administrative process in favor of court remedies. His Petition for Writ of Habeas Corpus was received by the Clerk of this Court on January 7, 2010.

Upon finding that the prisoner has failed to exhaust the administrative remedies prior to submitting a lawsuit about the matter, the proper disposition is for the court to dismiss the Petition for habeas relief summarily. *See, e.g., Campbell v. Barron*, 87 F. App'x 577 (6th Cir.

2004) ("the district court properly dismissed Campbell's petition because Campbell had not exhausted his administrative remedies before filing his petition").

The instant Petitioner argues that he is not required to exhaust the matter administratively because exhaustion is a judicially created requirement, which "is waived in the face of futility," and his further administrative efforts would be futile.  It is true that exhaustion can be waived for certain reasons, including the futility of appealing further.  However, resort to administrative remedies is only futile if there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider."  *James v. United States Dept. of Health & Human Servs.*, 824 F.2d 1132, 1139 (D.C. Cir. 1987).  None is alleged here.

Vandagriff fails to show that administrative appeals or a subsequent application for the program would have the same result.  He has provided nothing in the record which would indicate that it would be futile for him to pursue his administrative remedies or that those remedies cannot afford him the relief he requests.  *See Goar v. Civiletti,* 688 F.2d 27, 28-29 (6th Cir. 1982).  Therefore, the exhaustion requirement will be enforced and not waived for this Petitioner.  His Petition will be denied and this action dismissed, without prejudice to his bringing another habeas action after proper exhaustion.

Given the lack of administrative exhaustion on this issue to date, it would be premature for the Court to proceed to address the merits of the claims in this proceeding.  As the Sixth Circuit informed the Petitioner in the above-referenced *Campbell* case, when a petition warrants summary dismissal for failure to exhaust, the district court is correct not to address the merits of the claims in that petition.  *Campbell*, 87 F. App'x at 577.  Upon the instant Petitioner's pursuit

of appeals to the BOP's Regional Director and its Central Office, the BOP may grant him the relief he seeks, *i.e.*, entry into the program, thus obviating a need for another lawsuit; or if Petitioner is not granted entry to the program, his efforts will have created a record for review in a future habeas proceeding.

### III.

Accordingly, and the Court being sufficiently advised, **IT IS ORDERED** as follows:

(1)  Jerry Vandagriff's Petition for Writ of Habeas Corpus is **DENIED WITHOUT PREJUDICE**;

(2)  this action will be **DISMISSED** from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 3rd day of March, 2010.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge